1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARIA MANUELITA AYON,   )  Case No. EDCV 16-00961-CAS (KES)
         Petitioner,  )
               )  ORDER TO SHOW CAUSE
      vs.        )
DEBORAH JOHNSON,     )
Warden,              )
        Respondent.  )

Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus By A Person In State Custody pursuant to 28 U.S.C. § 2254 on May 11, 2016. (Dkt. 1.) Petitioner was convicted by a jury in the Riverside County Superior Court of first degree murder in violation of Penal Code ("PC") § 187(a) and conspiracy to commit murder in violation of PC § 182(a)(1). The jury also found true a special circumstance allegation that the murder was committed by lying in wait in violation of  PC § 190.2(a)(15) and that Petitioner personally discharged a firearm in violation of PC § 12022.53(d). On January 2, 2013, Petitioner was sentenced to life in prison without the possibility of parole. (Id. at 2.)[1]

Petitioner has raised seven grounds for relief: (1) Magistrate erred in

---

[1] All page citations to the Petition are to the CM/ECF docket.

instructing the jury via judicial notice that Mariscal was discharged after testifying; trial/appellate counsel rendered ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments; (2) the case should be reversed because the prosecutor concealed <u>Brady</u>[2] material consisting of a secret immunity deal with Marsical and letters to ICE in violation of the Fifth, Sixth and Fourteenth Amendments; (3) the prosecutor's prejudicial misconduct during closing deprived Petitioner of due process and a fair trial; trial and appellate counsel rendered ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments; (4) the trial court deprived Petitioner of due process and a fair trial by failing to issue accomplice as a matter of law instructions; trial and appellate counsel rendered ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments; (5) the combination of errors in grounds one through three rendered Petitioner's trial fundamentally unfair in violation of the Fifth, Sixth and Fourteenth Amendments; (6) the trial court erred in permitting Detective Brian Reno to offer an opinion as an expert that the shots were fired from behind and to the right of the driver's seat in violation in violation of the Fifth, Sixth and Fourteenth Amendments; and (7) the trial court erred in failing to fully instruct the jury with the lesser included offense of unpremeditated second degree murder in violation of the Fifth, Sixth and Fourteenth Amendments. (Dkt. 1 at 5-8, Dkt. 1-1 at 25-97.)

The Court's review of the Petition reveals that it suffers from the following deficiencies.

First, Petitioner's claims are not fully exhausted. Petitioner alleges that she did not raise the claims contained in Grounds One through Five on direct appeal, in her Petition for Review or in any habeas petition. (Dkt. 1 at 5-8.) Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

remedies available in the courts of the State.[3] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that she has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

The inclusion of Grounds One through Five renders the Petition subject to dismissal without prejudice as a "mixed petition."

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. Rose, 455 U.S. at 522. Pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute

---

[3] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally, a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. <u>Rose</u>, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while she pursues the unexhausted claims in state court. <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005). Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in <u>Rhines</u> and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other grounds by</u>, <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007). <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

The Court notes that Petitioner has not requested that the Court hold the Petition in abeyance while she returns to state court to exhaust her state remedies with respect to Grounds One through Five, nor has she purported to make the necessary showing of good cause for her failure to exhaust those claims first in the state court.[4]

IT THEREFORE IS ORDERED that, on or before **June 16, 2016**, Petitioner show cause in writing, if any she has, why the Court should not recommend that the Petition be dismissed without prejudice for failure to exhaust state remedies. Further, Petitioner is cautioned that her failure to timely file a response to this Order

//
//
//
//
//
//

---

[4] Petitioner would also have to satisfy two other prerequisites to invoking the stay and abeyance procedure, namely convince the Court (a) that her unexhausted claims are not "plainly meritless," and (b) that she has not engaged in "abusive litigation tactics or intentional delay." <u>Rhines</u>, 544 U.S. at 277-78.

4

to Show Cause will result in a recommendation that the action be dismissed without prejudice not only for the reasons discussed above, but also for failure to prosecute.

DATED:  May 17, 2016

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

5